**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| High Desert Land Company, ) | No. | CV 07-8022-PCT-PGR |
| Plaintiff, ) | | |
| vs. ) | | **ORDER** |
| Mohave Engineering Associates, ) Inc. ) | | |
| Defendants. ) | | |

  On June 4, 2007, the Plaintiff filed a Complaint alleging jurisdiction based solely on diversity of citizenship pursuant to 28 U.S.C.A. § 1332 (West 2006).[1] Having reviewed the Complaint, the Court finds that the jurisdictional allegations are inadequate to establish the existence of subject matter jurisdiction inasmuch as the Complaint fails to properly allege the citizenship of the parties.

  The Complaint states that the "Plaintiff is a California corporation, licensed to do business and doing business as a real estate developer in Arizona." For diversity purposes, a corporation is a citizen both of the state in which it was incorporated and the state in which it has its principle place of business. 28 U.S.C.A. § 1332(c)(1); *Montrose Chemical Corp.*

---

[1] In order for this Court to exercise jurisdiction based on diversity under 28 U.S.C. § 1332, complete diversity of citizenship must exist. The Supreme Court has repeatedly held that diversity jurisdiction does not exist unless **each** Defendant is a citizen of a different state from **each** Plaintiff. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

1    *of Cal. v. Am. Motorists Ins. Co.,* 117 F.3d 1128, 1134 (9th Cir. 1997). Thus, a complaint involving a corporate party which fails to affirmatively allege both the corporation's state of incorporation and the state in which it has its principal place of business fails to allege diversity jurisdiction. *See, e.g., Fifty Assocs. v. Prudential Ins. Co. of Am.,* 446 F.2d 1187,1190 (9th Cir. 1970).

The Complaint further avers that the "Defendant is a licensed engineering firm, doing business in the state of Arizona. Although the Complaint does not specify whether this entity is a corporation, other than in the heading of the pleading, the Court assumes that it is. As such, this jurisdictional allegation is insufficient based on the reasoning set forth above. Therefore,

IT IS ORDERED that the Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction, and the Plaintiff shall file an amended complaint properly asserting a jurisdictional bases for this action no later than **July 3, 2007.** The Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action without further notice.

DATED this 13th day of June, 2007.

                            Paul G. Rosenblatt
                            United States District Judge